# 2003 DTA 100

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

MARIA M. MONSERRATE ROBLES
Demandante-Recurrida

v.

LUIS RAUL DAVILA TRINIDAD
Demandado-Peticionario

Núm. KLCE-02-01424

San Juan, Puerto Rico, a 10 de junio de 2003

Panel integrado por su Presidente, el Juez Miranda De Hostos, la Juez Hernández Torres y el Juez Martínez Torres

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El demandado-peticionario, Luis Raúl Dávila Trinidad, domiciliado en el estado de Florida, recurre de una resolución en la que el Tribunal de Primera Instancia, Sala de Fajardo (Hon. Edison R. Sanabria Pérez, Juez), se negó a desestimar este pleito en reclamación de alimentos. Alega el demandado-peticionario Dávila Trinidad que no fue emplazado conforme a las exigencias de la Sección 2.201 de la Ley Núm. 180 de 20 de diciembre de 1997, conocida como la Ley Interestatal Uniforme de Alimentos Entre Parientes, 8 L.P.R.A. sec. 542. Añade en la alternativa que aun si hubiera sido emplazado correctamente, la jurisdicción para atender la reclamación de alimentos en su contra es de la Administración para el Sustento de Menores (ASUME) y no del tribunal, ya que el alimentante no está domiciliado en Puerto Rico. Luego de estudiar el récord al respecto reproducido en el apéndice de la solicitud de *certiorari*, así como el derecho aplicable, concluimos que le asiste la razón al demandado-peticionario Dávila Trinidad en cuanto al planteamiento de jurisdicción sobre la materia y a base del razonamiento que plasmamos a continuación, expedimos el auto de *certiorari* y revocamos la resolución objeto de este recurso. Se desestima la reclamación judicial de referencia, sin perjuicio del derecho de la demandante-recurrida, María M. Monserrate Robles, a formular su reclamación, pero en ASUME. A tal fin, el Tribunal de Primera Instancia certificará y remitirá copia del expediente judicial a ASUME, para los trámites que esa agencia estime correspondientes según el derecho aplicable.

### I

En la demanda de epígrafe, la demandante-recurrida, María M. Monserrate Robles, solicita que se fije una pensión alimentaria para beneficio del menor Raúl Alejandro Dávila Serrano, producto de una relación extra marital entre las partes. El demandado-peticionario, Luis Raúl Dávila Trinidad, fue emplazado personalmente el 11 de octubre de 2001 en Lakeland, Florida, donde reside. Para esa fecha habían transcurrido cinco meses desde la radicación de la demanda y la expedición del emplazamiento.

El demandado-peticionario Dávila Trinidad compareció el 11 de octubre de 2001, para cuestionar el

emplazamiento, tras expresar que no se sometía a la jurisdicción del tribunal. Solicitó que el caso fuera referido a la Administración para el Sustento de Menores (ASUME), para que fuera trasladado, a su vez, a la agencia equivalente en el estado de Florida.

Luego que el demandado-peticionario Dávila Trinidad insistió en su planteamiento para no asistir a vista ante la Examinadora de Pensiones Alimentarias, y tras celebrar una vista de argumentación, el Tribunal de Primera Instancia emitió el 22 de mayo de 2002, el dictamen que nos ocupa. En éste, el tribunal decidió que tiene jurisdicción sobre la persona del demandado-peticionario Dávila Trinidad y sobre la reclamación de alimentos interestatales. Ese dictamen fue notificado el 26 de noviembre de 2002. Por resolución separada, el tribunal fijó vista ante la Examinadora de Pensiones Alimentarias a celebrarse el 14 de febrero de 2003. El 26 de diciembre de 2002, el demandado-peticionario Dávila Trinidad radicó la solicitud de *certiorari* que hoy resolvemos.

A petición del demandado-peticionario Dávila Trinidad, el 4 de febrero de 2002 emitimos una orden paralizando los procedimientos en el Tribunal de Primera Instancia, Sala de Fajardo, y requiriéndole a la demandante-recurrida Monserrate Robles que mostrara causa por la cual no debíamos resolver que el tribunal no tiene jurisdicción sobre la materia. Esta compareció y luego de estudiada su argumentación, resolvemos según lo intimado. Procede archivar el caso en los tribunales para que la reclamación de alimentos interestatales se radique en ASUME.

## II

El demandado-peticionario Dávila Trinidad plantea, en síntesis, que el tribunal incidió en dos aspectos: Primero, al declararse con jurisdicción sobre su persona basándose en el emplazamiento realizado en Florida; y segundo, al resolver que es el tribunal y no ASUME, el foro apropiado para adjudicar la solicitud de fijar pensión alimentaria. Para resolver estos señalamientos es necesario estudiar el texto y el propósito de la Ley Interestatal Uniforme de Alimentos Entre Parientes.

Como condición para recibir fondos federales para los programas de asistencia a menores de edad, el Congreso requirió a los estados federados y territorios que aprobaran un sistema uniforme para facilitar la fijación y la ejecución interjurisdiccional de las órdenes de pensión alimentaria. Véase la Sección 321 de la *Personal Responsibility and Work Opportunity Reconciliation Act of 1996*, P.L. 104-193, Sec. 321, 42 U.S.C. sec. 666(f). De conformidad con ese requerimiento congresional, la Asamblea Legislativa de Puerto Rico aprobó la Ley Interestatal Uniforme de Alimentos Entre Parientes. Véase, *Aponte v. Barbosa Dieppa*, 146 D.P.R. 558 (1998).

Esta ley hay que verla en conjunto con la Ley Orgánica de la Administración para el Sustento de Menores, que creó la ASUME para evitar *"la fragmentación de un proceso que no debe admitir dilaciones."* Art. 3 de la Ley de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. sec. 502. Esta ley establece como política pública que los padres contribuyan, de acuerdo a sus recursos, a la manutención de sus hijos y persigue *"la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias." Ibid.* La misma ley establece que sus disposiciones *"se interpretarán liberalmente a favor de los mejores intereses del menor o alimentista que necesita alimentos." Ibid.*

Para lograr estos objetivos, la Ley Orgánica de ASUME establece un procedimiento administrativo expedito para reclamar alimentos. Ese término *"significa que, desde la fecha en que la petición es radicada hasta su resolución final, los casos han de ser resueltos dentro del término de tiempo que establecen las leyes y reglamentos federales."* Art. 11(a) de la Ley Orgánica de ASUME, *id.* sec. 510(a). La persona afectada puede acudir al tribunal en revisión de la decisión final del Administrador de ASUME. Art. 11A, *id.* sec. 510a.

Ahora bien, la ley hace claro que este procedimiento administrativo expedito que se tramita en ASUME es *"[e]n adición a los remedios y a la acción judicial de alimentos que puedan incoar las personas con capacidad para reclamar alimentos..."*. Art. 11A, *ibid.* Como veremos más adelante, la ley establece entonces un

procedimiento judicial expedito para atender los casos de alimentos en los tribunales. El Artículo 15(1) (a) de la Ley Orgánica de ASUME, *id.* sec. 514(1) (a), establece que cuando la parte promovida en una reclamación judicial de alimentos, reside en Puerto Rico, el secretario del tribunal procederá de inmediato a señalar la vista ante el Examinador para una fecha dentro de un plazo no menor de quince (15) días ni mayor de veinte (20) días, contados desde la fecha de radicación de la petición y expedirá, no obstante lo establecido por las Reglas de Procedimiento Civil, Ap. III del Título 32, un documento de notificación personal y citación para vista....

*Ibid.* Añade el estatuto:

*"(b) La notificación-citación, junto con una copia de la petición, deberá ser diligenciada o notificada por la parte promovente con no menos de cinco (5) días de antelación a la fecha de la vista enviándola a la parte promovida, por correo certificado con acuse de recibo a su dirección, si ésta es conocida, estableciendo este conocimiento mediante declaración jurada al efecto; al momento de presentar la petición; o personalmente mediante el procedimiento utilizado para el diligenciamiento de emplazamientos."*
Art. 15(1) (b), *ibid.*

Por un error de compilación, las Leyes de Puerto Rico Anotadas (L.P.R.A.) se refieren a este proceso judicial en el título del Artículo 13 y siguientes, *id.* sec. 512 y ss., como un *"Procedimiento Administrativo Expedito"*. Esto confunde, pues ese es el mismo título que la misma compilación y más importante aún, la Asamblea Legislativa le dieron al procedimiento ante ASUME. Art. 11 y ss., *id.* sec. 510 y ss. En realidad, el título que aparece en el Artículo 13 y siguientes, *id.* sec. 512 y ss., en la ley según la aprobó la Asamblea Legislativa, es el de *"Procedimiento Judicial Expedito"*.

La aclaración es relevante porque en la reciente opinión en *Alvarez Elvira v. Arias Ferrer*, Opinión de 18 de marzo de 2002, **2002 J.T.S. 37,** el Tribunal Supremo repitió el lenguaje equivocado del compilador de L.P.R.A. mientras trataba de explicar la jurisdicción de los tribunales en casos de alimentos interestatales. El Tribunal Supremo indicó entonces que la ley de ASUME requiere que la parte promovida resida en Puerto Rico para que se pueda solicitar o modificar una pensión alimentaria mediante el procedimiento administrativo expedito. Ello es así, ya que cuando se trata de demandados o reclamados que no residan en Puerto Rico se establecen unos requisitos mínimos para que los tribunales asuman jurisdicción sobre éstos.

*Id.* a la pág. 827.

Una lectura de esta cita en su contexto adecuado, nos convence de que el Tribunal Supremo se refería al procedimiento judicial expedito y no al procedimiento administrativo expedito ante ASUME. La segunda oración citada arriba se refiere sin ambages al procedimiento necesario *"para que los tribunales asuman jurisdicción...." Ibid.* De hecho, el Tribunal Supremo resolvió en el caso citado que el alimentante peticionario, Arias Ferrer, no incurrió en desacato al no pagar la pensión porque el Tribunal de Primera Instancia *"nunca adquirió jurisdicción sobre el peticionario...,"* ya que éste residía en el estado de Florida y *"[e]l procedimiento utilizado por la recurrida fue reservado por el legislador sólo para aquellos casos en los cuales la parte promovida resida en Puerto Rico, por lo que su utilización en situaciones como la de autos viola las garantías constitucionales sobre el debido proceso de ley." Alvarez Elvira v. Arias Ferrer, id.* a la pág. 828. El Tribunal Supremo se refería al procedimiento judicial expedito, el cual fue el único que instó la recurrida Alvarez Elvira.

Lo que genera confusión adicional es que, citando a la profesora Sarah Torres Peralta, *La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico, San Juan,* Publs. STP, 1997, pág. 4.10, el Tribunal Supremo señaló que *"en aquellos casos en los cuales el alimentante reside fuera de Puerto Rico, 'el examinador está impedido de atender la controversia alimentaria.' Lo que implica que el asunto debe ser atendido directamente por el foro judicial." Alvarez Elvira v. Arias Ferrer, supra,* a la pág. 827 (nota al calce

omitida).

Este *obiter dicta* del Tribunal Supremo, en efecto, recoge la opinión de la comentarista Torres Peralta de que *"[e]l mero hecho de que la parte promovida resida fuera de Puerto Rico, no obsta para que el foro judicial puertorriqueño tenga jurisdicción, dependiendo de las circunstancias, domicilio en Puerto Rico, u otros contactos mínimos suficientes. Pero, como queda dicho, la controversia deberá ser atendida directamente por el juez."* S. Torres Peralta, *op. cit.* a la pág. 4.10.

La comentarista Torres Peralta basa su opinión en el estatuto existente en 1997, cuando ella escribió su libro, la Ley de Sustento de Menores, *supra*. El problema es que este asunto de alimentos cuando el promovido reside fuera de Puerto Rico, no puede resolverse hoy día sin consultar el texto de la Sección 9.904 de la Ley Interestatal Uniforme de Alimentos entre Parientes, *supra* sec. 548c. Como no fue hasta el 20 de diciembre de 1997 que se aprobó esta ley, la profesora Torres Peralta no podía analizarlo en su libro. Al respecto, la Asamblea Legislativa ordenó sin margen para interpretación y con el propósito de agilizar el proceso para el recobro y la comunicación entre las jurisdicciones involucradas, que *"[e]l Tribunal General de Justicia será el foro apropiado para los casos interestatales presentados antes del 1ro. de julio de 1995 y la Administración para el Sustento de Menores será el foro apropiado para aquéllos que surjan a partir de dicha fecha." Ibid.* ■ Este es el derecho aplicable en Puerto Rico. *Aponte v. Barbosa Dieppa, supra,* a la pág. 569.

Esto explica porqué el Artículo 15 de la Ley de Sustento de Menores, *supra*, sec. 514, establece un procedimiento judicial expedito que hace referencia únicamente a demandados que residen en Puerto Rico. No se regula un procedimiento para demandados que no residen en Puerto Rico y no se refieren estos casos al oficial examinador, no porque pasen a un proceso ordinario ante un juez, sino porque el legislador dispuso expresamente que estos casos pasarán al procedimiento administrativo expedito en ASUME. Para ello, se requieren contactos mínimos entre el promovido y Puerto Rico, ya que, de lo contrario, ASUME no podría actuar como *"tribunal iniciador"*. Sec. 2.203 de la Ley Interestatal Uniforme de Alimentos entre Parientes, *supra*, sec. 542b.

Al respecto, debemos aclarar que el vocablo *"tribunales de Puerto Rico"* se refiere no sólo al Tribunal General de Justicia, sino también a ASUME, según se aclara en la Sección 1.102 de la misma ley, *id.* sec. 541a. Véase también la Sec. 1.101(22), *id.* sec. 541(22) (*"Tribunal.- Significa un tribunal, corte, agencia administrativa o entidad cuasijudicial autorizada para establecer, ejecutar o modificar una orden de pensión alimentaria o para establecer la filiación."*). La referencia a los tribunales de justicia en esta definición obedece a que la ley establece el derecho sustantivo y procesal aplicable a todos los casos de alimentos interestatales, tanto aquellos tramitados en ASUME como también los casos interestatales que quedaron pendientes en los tribunales bajo la Sección 9.904 de la ley, *id.* sec. 548c. Véase, *Aponte v. Barbosa Dieppa, supra,* a la pág. 569. Como señaló la Conferencia Nacional de Comisionados sobre Leyes Estatales Uniformes (*National Conference of Commissioners on Uniform State Laws*) en el comentario oficial a la Sección 101(22) de la Ley Interestatal Uniforme de Alimentos entre Parientes [*Uniform Interstate Family Support Act (UIFSA)*]:

*"Subsection (22) introduces a completely new term, "tribunal", which replaces the term "court" used in RURESA [Uniform Reciprocal Enforcement of Support Act]. With the advent of federally-funded IV-D programs, a number of states have delegated various aspects of child support establishment and enforcement to quasi-judicial bodies and administrative agencies. UIFSA adopts the term 'tribunal' to account for the breadth of state variations in dealing with support orders."*

9 *Uniform Laws Annotated, Matrimonial (Family and Health Laws),* Interstate Family Support Act (1996), § 101 comment, West (1999).

De todo lo anterior, podemos colegir que el peticionario tiene razón al señalar que el Tribunal de Primera

Instancia incidió en error al retener jurisdicción sobre la materia en este caso. La jurisdicción es exclusiva de ASUME. En esa agencia se podrán conceder todos los remedios que proveen las leyes sustantivas de Puerto Rico, ya que la propia Ley Interestatal Uniforme de Alimentos Entre Parientes, *supra*, señala categóricamente que *"[l]os remedios dispuestos por este capítulo son independientes y no afectan otros remedios que puedan surgir bajo otras leyes."* Sec. 1.103, *id.* sec. 541b. Véase, 9 *Uniform Laws Annotated, Matrimonial (Family and Health Laws),* Interstate Family Support Act (1996), *supra*, § 103 comment. El foro, sin embargo, a diferencia del remedio, es exclusivamente ASUME.

## III

Para reclamar la jurisdicción del Tribunal de Primera Instancia, la demandante-recurrida Monserrate Robles nos refiere al texto de la Sección 2.201 de la Ley Interestatal Uniforme de Alimentos Entre Parientes, *supra*, sec. 542. Se equivoca. Como vimos, la referencia a la frase *"Tribunal de Puerto Rico"* incluye, por definición, a ASUME. Además, la Sección 2.201, *id.,* no regula lo referente a la jurisdicción sobre la materia, por lo que no contradice el texto de la Sección 9.904, *id.* sec. 548c. Lo que la Sección 2.201, *id.* sec. 542, reglamenta es cómo se adquiere *"jurisdicción sobre la persona"* del demandado. *Ibid.*

Al respecto, el demandado-peticionario Dávila Trinidad señala que no se adquirió jurisdicción sobre su persona, ya que el emplazamiento que se efectuó no cumple con lo dispuesto en el inciso (1) de la Sección 2.201, *ibid.* Dávila Trinidad fue emplazado personalmente en Florida de conformidad con el procedimiento dispuesto en la Regla 4.3(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3(a). ■

Nos señala el demandado-peticionario Dávila Trinidad que existe una discrepancia entre el texto en inglés y la versión en español de la Sección 2.201(1) de la Ley Interestatal Uniforme de Alimentos Entre Parientes, *supra,* sec. 542(1). En efecto, la referida sección señala en español que *"el Tribunal de Puerto Rico [lo que como vimos incluye a ASUME] adquirirá jurisdicción sobre la persona, el tutor o encargado no residente cuando: (1) La persona es emplazada conforme establecen las Reglas de Procedimiento Civil para el Tribunal de Justicia de 1979...".* *Ibid.* Esto claramente incluiría el emplazamiento personal fuera de Puerto Rico bajo la Regla 4.3(a) de Procedimiento Civil, *supra.*

No obstante, el texto en inglés de la Sección 2.201(1), *supra*, dice otra cosa: Requiere que el individuo sea emplazado en Puerto Rico *["(1) The individual is personally served with [sic] within Puerto Rico;...."]*. Este texto guarda concordancia con el de la Ley Uniforme, el cual reza: *"(1) the individual is personally served with [citation, summons, notice] within this State;...".* 9 *Uniform Laws Annotated, Matrimonial (Family and Health Laws),* Interstate Family Support Act (1996), *supra,* § 201.

Esta sección, según el comentario oficial, constituye lo que comúnmente se conoce como un estatuto de largo alcance (*long arm jurisdiction*) para adquirir jurisdicción personal sobre el alimentante potencial.

El demandado-peticionario Dávila Trinidad argumenta que la versión en español del citado inciso no constituye autoridad legal para convalidar su emplazamiento personal fuera de Puerto Rico porque según la Sección 905 de la Ley Interestatal Uniforme de Alimentos Entre Parientes, *supra*, sec. 541 nota, *"[e]n caso de que surja alguna discrepancia entre esta Ley [este capítulo] y la versión en inglés, conocida como Uniform Interstate Family Support Act, tendrá preferencia el texto en inglés de esta Ley [este capítulo]."* Dicho texto en inglés del inciso (1) no autoriza el emplazamiento personal fuera de Puerto Rico. A ello, la demandante-recurrida replica que aunque así fuera, lo importante es que se adquiera jurisdicción de forma consistente con la doctrina constitucional de contactos mínimos con este foro, según el inciso (8) de la Sección 2.201, *supra*, sec. 542(8). Este inciso permite adquirir jurisdicción sobre el reclamado si *"(8) existe cualquier otro fundamento consistente con la Constitución del Estado Libre Asociado de Puerto Rico y de los Estados Unidos para adquirir jurisdicción sobre la persona."* *Ibid.*

En efecto, el comentario a la Ley Uniforme aclara la intención general de la Sección 2.201 (§ 201), *id.*:

*"The intent is to insure that every enacting state has a long-arm statute as broad as constitutionally permitted. In situations in which the long-arm statute can be satisfied, the petitioner (either the obligor or the obligee) has two options: (1) utilize the long-arm statute to obtain personal jurisdiction over the respondent; or (2) initiate a two-state action under the succeeding provisions of UIFSA seeking to establish a support order in the respondent's state of residence. Of course, a third option is available that does not implicate UIFSA; a petitioner may file a suit in the respondent's state of residence (perhaps to settle all issues between the parties in a single proceeding)."*

9 *Uniform Laws Annotated, Matrimonial (Family and Health Laws),* Interstate Family Support Act (1996), *supra* § 201 (comment).

Así pues, mientras el inciso (1) codifica lo resuelto en *Burnham v. Superior Court*, 495 U.S. 604 (1990), para permitir que se adquiera jurisdicción personal emplazando al reclamado en el foro, en este caso Puerto Rico, el inciso (8) es una codificación de las disposiciones más abarcadoras que existen en muchos estados (*"broad, catch-all provisions"*). Claro está, señala el comentario oficial, dicha jurisdicción personal está sujeta a que se cumplan los parámetros constitucionales esbozados en *Kulko v. Superior Court of California for San Francisco*, 436 U.S. 84 (1978). 9 *Uniform Laws Annotated, Matrimonial (Family and Health Laws),* Interstate Family Support Act (1996), *supra,* § 201 (comment).

Así pues, si el demandado-peticionario es llevado ante ASUME en Puerto Rico y se le emplaza personalmente en Florida en armonía con los parámetros legales y constitucionales aplicables, vendría obligado a comparecer a defenderse en dicha agencia local. Para ello, sin embargo, sería necesario iniciar los trámites correspondientes ante ASUME. No tenemos que resolver si el emplazamiento del demandado-peticionario es válido porque éste tendrá que ser notificado de la acción en ASUME de conformidad con la Sección 2-201, *supra*. Procede, en cambio, que el Tribunal de Primera Instancia remita a la agencia el expediente de la reclamación para que se evite duplicidad en el trámite que la agencia determine que corresponde en este caso.

## IV

Por los fundamentos anteriores, se expide el auto de *certiorari* y se revoca la resolución objeto de este recurso. Se desestima la reclamación judicial de referencia, sin perjuicio del derecho de la demandante-recurrida, María M. Monserrate Robles, a formular su reclamación, pero en ASUME. A tal fin, el Tribunal de Primera Instancia, Sala de Fajardo, certificará y remitirá copia del expediente judicial a ASUME, para los trámites que esa agencia estime correspondientes según el derecho aplicable.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 100

**1.** Aunque el Tribunal Supremo se refirió a la jurisdicción de los tribunales sobre los casos de alimentos interestatales, su discusión se centró a renglón seguido en la jurisdicción personal sobre el peticionario Arias Ferrer, en específico si éste fue emplazado adecuadamente o si se sometió a la jurisdicción del Tribunal de primera Instancia. Se confunde así la jurisdicción sobre la materia con la jurisdicción sobre la persona. Ante la falta de jurisdicción del Tribunal de Primera Instancia sobre la materia o caso, no cabía hablar de sumisión voluntaria, pues un tribunal no puede asumir jurisdicción cuando por ley no la tiene. *"[L]as partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal puede abrogársela...."*. *Vázquez v. A.R.P.E.,* 128 D.P.R. 513, 537 (1991).

**2.** Esta sección no tiene equivalencia en la Ley Uniforme modelo.

**3.** Reza:

*"**Regla 4.3. Quién puede diligenciarlo; término para el diligenciamiento***

*(a) El emplazamiento será diligenciado por el alguacil, o por cualquiera otra persona que no sea menor de dieciocho (18) años de edad, que sepa leer y escribir y que no sea la parte ni su abogado, ni tenga interés en el pleito. En el caso de demandados ausentes de Puerto Rico, el emplazamiento podrá ser diligenciado por un alguacil de la jurisdicción donde se haga entrega o por un abogado admitido a la práctica de la profesión en dicha jurisdicción o en Puerto Rico o por una persona designada por el tribunal para ese propósito."*